MICHAEL D. RAWLINS
Nevada Bar No. 5467
mrawlins@djplaw.com
Z. RYAN PAHNKE
Nevada Bar No.9641
rpahnke@djplaw.com
DURHAM JONES & PINEGAR
10785 West Twain Avenue, Suite 200
Las Vegas, Nevada 89135
Telephone:  (701) 870-6060
Facsimile:  (701) 870-6090

Attorneys for FC Organizational Products, LLC

**IN THE UNITED STATES DISTRICT COURT**

**DISRICT OF NEVADA**

| | |
|---|---|
| UBICOMM, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>  vs.<br><br>FC ORGANIZATIONAL PRODUCTS LLC, a Utah limited liability company,<br><br>    Defendant. | Case No.  2:13-cv-01298-GMN-PAL<br><br>**ANSWER, COUNTERCLAIM, AND THIRD-PARTY COMPLAINT** |
| AND RELATED COUNTERCLAIMS AND THIRD-PARTY CLAIMS. | |

Defendant FC Organizational Products, LLC ("FCOP") hereby answers the Complaint filed on July 22, 2013 by plaintiff UbiComm, LLC ("UbiComm"), counterclaims against UbiComm, and complains against third-party defendants Ve Interactive and Commission Junction, Inc.

-1-

# ANSWER

## FIRST SEPARATE DEFENSE

The Complaint fails to state a claim for relief against FCOP on which relief can be granted.

## SECOND SEPARATE DEFENSE

FCOP responds to the separately enumerated paragraphs of the Complaint as follows:

1. FCOP admits that the Complaint purports to state an action for patent infringement arising under the Patent Laws of the United States, but denies that there has been any such infringement.

2. FCOP is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and therefore denies them.

3. FCOP admits the allegations of Paragraph 3.

4. The responses set forth in the foregoing paragraphs are hereby reasserted and incorporated herein by reference.

5. FCOP admits that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

6. FCOP admits that U.S. Patent No. 5,603,054 ("the '054 patent") is titled "Method for Triggering Selected Machine Event When the Triggering Conditions of an Identified User are Perceived," and that the '054 patent was issued by the United States Patent and Trademark Office on February 11, 1997. FCOP further admits that attached to UbiComm's Complaint as Exhibit 1 is a copy of what purports to be the '054 patent. FCOP denies the remaining allegations of Paragraph 6.

7. FCOP is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and therefore denies them.

8. Denied.

9. Denied.

10. FCOP admits that certain of its websites are accessible within the State of Nevada by Nevada residents. FCOP denies the remaining allegations of Paragraph 10.

11. FCOP admits that this Court has personal jurisdiction over it. FCOP denies the remaining allegations of Paragraph 11.

12. FCOP admits that this Court has personal jurisdiction over it. FCOP denies the remaining allegations of Paragraph 12.

13. FCOP admits that this Court has personal jurisdiction over it. FCOP denies the remaining allegations of Paragraph 13.

14. FCOP admits that this Court has personal jurisdiction over it. FCOP denies the remaining allegations of Paragraph 14.

15. FCOP admits that venue is proper in this judicial district. FCOP denies that this judicial district is the most convenient venue for the parties and reserves all rights to seek a transfer to a more convenient judicial district. FCOP denies the remaining allegations of Paragraph 15.

16. FCOP admits that venue is proper in this judicial district. FCOP denies that this judicial district is the most convenient venue for the parties and reserves all rights to seek a transfer to a more convenient judicial district. FCOP denies the remaining allegations of Paragraph 16.

17. FCOP admits that venue is proper in this judicial district. FCOP denies that this judicial district is the most convenient venue for the parties and reserves all rights to seek a transfer to a more convenient judicial district. FCOP denies the remaining allegations of Paragraph 17.

18. FCOP admits that venue is proper in this judicial district. FCOP denies that this judicial district is the most convenient venue for the parties and reserves all rights to seek a transfer to a more convenient judicial district. FCOP denies the remaining allegations of Paragraph 18.

<u>Response to First Cause of Action</u>

19. The responses set forth in the foregoing paragraphs are hereby reasserted and incorporated herein by reference.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

<u>THIRD SEPARATE DEFENSE</u>

FCOP expressly denies generally and specifically each and every allegation contained in the Complaint, including the prayer for relief, that is not expressly admitted above in response to the specific allegations of the Complaint.

<u>FOURTH SEPARATE DEFENSE</u>

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, without assuming any burden that it would not otherwise bear, without reducing or removing UbiComm's burdens of proof on its affirmative claims against FCOP, without waiving its right to assert additional defenses, and solely to the extent deemed necessary by the Court to maintain any or all of the following defenses, FCOP asserts the following defenses to UbiComm's Complaint:

1. FCOP does not infringe and has not infringed any valid and enforceable claim of the '054 patent literally or under the doctrine of equivalents.

2. Each of the claims of the '054 patent is invalid and/or unenforceable for failure to comply with one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103, 112, and 251.

3. UbiComm's claims for patent infringement are precluded in whole or in part under the doctrine of patent exhaustion.

4. By reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications that resulted in the issuance of the '054 patent, UbiComm is estopped from claiming infringement by FCOP of one or more claims of the '054 patent.

5. UbiComm's claims and/or remedies are barred in whole or in part under principles of equity, including laches, prosecution laches, waiver, estoppel, and/or unclean hands. UbiComm is also barred by issue preclusion from reasserting or altering its positions on factual and legal issues that were previously adjudicated.

6. UbiComm's claim for damages and other remedies is limited under 35 U.S.C. § 286.  UbiComm is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

7. FCOP has engaged in all of its activities in good faith, and UbiComm cannot prove that this is an exceptional case justifying an award of attorney fees against FCOP pursuant to 35 U.S.C. § 285.

8. UbiComm has failed to provide adequate evidence of ownership of, and the right to sue and receive remedies under, the '054 patent.  UbiComm therefore lacks standing to bring suit for alleged infringement of the '054 patent.

9. The '054 patent is unenforceable as a result of patent misuse, unclean hands, misconduct, waiver, and/or other equitable doctrines.

10. UbiComm's claims are barred in whole or in part to the extent FCOP is licensed to the '054 patent.

## COUNTERCLAIM

FCOP hereby counterclaims against UbiComm as follows:

1. FC Organizational Products, LLC is a Utah limited liability company with its principal place of business in Utah.

2. On information and belief, and as alleged by UbiComm, UbiComm is a Delaware limited liability company organized with its place of business in Wilmington, Delaware.

3. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

4. Venue is proper against UbiComm in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

5. UbiComm filed a Complaint in this action in which it alleged that it is the assignee and owner of the right, title, and interest in and to the '054 patent, including the right to assert all causes of action arising under the '054 patent and the right to any remedies for infringement.

6. UbiComm alleged in its Complaint that FCOP has been and is now infringing claims of the '054 patent.

7. On information and belief, UbiComm filed its Complaint knowing that the '054 patent is invalid and that FCOP has not infringed and does not infringe any valid claim of the '054 patent.

8. This case, therefore, is an exceptional case under 35 U.S.C. § 285, and, in addition to the relief requested below, FCOP is entitled to recover its attorneys' fees and costs associated with defending this action and prosecuting its declaratory judgment claims.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment of Noninfringement)

9. FCOP incorporates the foregoing allegations as if fully restated herein.

10. FCOP has not been and is not now infringing any valid claim of the '054 patent.

11. A justiciable controversy exists as to whether FCOP has been or is now infringing any valid claim of the '054 patent.

12. FCOP seeks a declaration from this Court that FCOP has not been and is not now infringing any valid claim of the '054 patent.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity)

13. FCOP incorporates the foregoing allegations as if fully restated herein.

14. All claims of the '054 patent asserted against FCOP are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, et seq., including without limitation §§ 102, 103, and 112.

15. A justiciable controversy exists as to whether the claims of the '054 patent asserted against FCOP are valid.

16. FCOP seeks a declaration from this Court that the claims of the '054 patent asserted against FCOP are invalid.

PRAYER FOR RELIEF

WHEREFORE, FCOP prays for the following relief against UbiComm:

A. That the Complaint be dismissed with prejudice and UbiComm be denied all relief requested in the Complaint;

B. That this Court enter a declaration that FCOP has not previously, and is not currently, infringing, inducing the infringement of, or contributorily infringing any valid claim of the '054 patent;

C. That this Court enter a declaration that the claims of the '054 patent asserted against FCOP are invalid;

D. That this case be deemed an exceptional case under 35 U.S.C. § 285 and that FCOP be awarded its costs and attorneys' fees; and

E. That FCOP be awarded such other and further relief as this Court deems equitable and just.

**THIRD-PARTY COMPLAINT**

Third-party plaintiff FCOP complains as follows against third-party defendants Ve Interactive and Commission Junction, Inc.:

1. FC Organizational Products, LLC is a Utah limited liability company with its principal place of business in Utah.

2. On information and belief, Ve Interactive is a foreign corporation that conducts business in this judicial district.

3. On information and belief, Commission Junction, Inc. ("Commission Junction"), is a Delaware corporation with its principal place of business at 530 East Montecito Street, Santa Barbara, CA 93103.  Commission Junction conducts business in this judicial district.

4. This Court has subject matter jurisdiction over the underlying action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action is for patent infringement pursuant to the patent laws of the United States, 35 U.S.C. § 1 et seq.

5. This Court has supplemental jurisdiction over FCOP's claims for contribution pursuant to 28 U.S.C. § 1367 because these claims are related to the underlying patent infringement claims in this action and form part of the same case or controversy under Article III of the United States Constitution, and these claims do not raise a novel or complex issue of state law, substantially predominate over the claim or claims over which the Court has original jurisdiction, or present any exceptional circumstances or compelling reasons to decline jurisdiction over these claims.

6. This Court has personal jurisdiction over Ve Interactive and Commission Junction because these companies do business in this jurisdiction, have introduced their products into the stream of commerce knowing that such products would be sold and used in this jurisdiction, and have committed acts that give rise to FCOP's claims in this jurisdiction.

7. Venue is proper against Ve Interactive and Commission Junction in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

8. UbiComm filed a Complaint in this action alleging that it is the assignee and owner of the right, title, and interest in and to the '054 patent, including the right to assert all causes of action arising under the '054 patent and the right to any remedies for infringement.

9. UbiComm alleged in the Complaint that FCOP has been and is now infringing claims of the '054 patent.

10. In its Answer and Counterclaim, FCOP has alleged, among other things, that the '054 patent is invalid and unenforceable, and that FCOP has not been and is not now infringing any valid claim of the '054 patent.

11. UbiComm's infringement allegations are directed to the acts performed by Ve Interactive and Commission Junction, and products or services that these companies design, manufacture, and/or sell.

12. Ve Interactive's and Commission Junction's actions, products, and services are the source of any alleged infringement in this action.

FIRST CLAIM FOR RELIEF

(Contribution – Ve Interactive)

13. FCOP incorporates the foregoing allegations as if fully restated herein.

14. Based on the foregoing, Ve Interactive is responsible for at least some, if not all, of any liability that FCOP may incur as a result of UbiComm's patent infringement allegations, and is required to contribute to any infringement award entered against FCOP, entitling FCOP to relief as set forth below in the Prayer for Relief.

SECOND CLAIM FOR RELIEF

(Contribution – Commission Junction)

15. FCOP incorporates the foregoing allegations as if fully restated herein.

16. Based on the foregoing, Commission Junction is responsible for at least some, if not all, of any liability that FCOP may incur as a result of UbiComm's patent infringement allegations, and is required to contribute to any infringement award entered against FCOP, entitling FCOP to relief as set forth below in the Prayer for Relief.

PRAYER FOR RELIEF

WHEREFORE, FCOP respectfully requests that this Court order judgment in its favor on each and every claim set forth in this Third-Party Complaint, and award it relief including, but not limited to, the following:

A. A judgment that Ve Interactive is liable to FCOP for contribution of any judgment of patent infringement under the '054 patent, including any enhanced damages, costs, or attorney fees;

B. A judgment that Commission Junction is liable to FCOP for contribution of any judgment of patent infringement under the '054 patent, including any enhanced damages, costs, or attorney fees;

C. Damages in an amount to be determined at trial;

1  D. Specific performance;

2  E. Costs and attorney fees to the full extent available at law;

3  F. Prejudgment and post-judgment interest; and

4  G. Such other and further relief as the Court or a jury may deep proper and/or just.

5  DATED this 17th day of September 17, 2013.

6  DURHAM JONES & PINEGAR

7  By /s/ Z. Ryan Pahnke
   Z. Ryan Pahnke
8  Nevada Bar No. 9641
   10785 West Twain Avenue, Suite 200
9  Las Vegas, Nevada 89135

10 Attorneys for FC Organizational Products, LLC

-10-

**CERTIFICATE OF SERVICE**

I, Z. Ryan Pahnke, hereby certify that I served a copy of this **ANSWER, COUNTERCLAIM, AND THIRD-PARTY COMPLAINT** by filing it via the Court's CM/ECF system, which transmitted notice to all counsel of record this 17th day of September, 2013.

/s/ Z. Ryan Pahnke
Z. Ryan Pahnke